UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LAMONT WOODS,

        Petitioner,        Case Number: 2:15-CV-10095

v.        HONORABLE PAUL D. BORMAN
        UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner Curtis Lamont Woods is a state inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan. He challenges his convictions for armed robbery, felon in possession of a firearm, and felony firearm, second offense, on a single ground, that the trial court lacked subject-matter jurisdiction. The claim raised does not provide a ground on which habeas relief may be granted. Therefore, the petition will be dismissed.

### II. Background

Woods was convicted by a jury in Wayne County Circuit Court of armed robbery, felon in possession of a firearm, and felony firearm. On May 19, 2014, he was sentenced to 30 to 60 years' imprisonment for the armed robbery conviction, 1 to 5 years' imprisonment for the felon-in-possession conviction, and 5 years' imprisonment for the

felony-firearm conviction.

On May 15, 2014, Woods filed a complaint for habeas corpus in the Michigan Court of Appeals, claiming that the trial court did not acquire subject-matter jurisdiction because of various deficiencies in the charging documents. The Michigan Court of Appeals denied the complaint. *In re Woods*, No. 321794 (Mich. Ct. App. July 2, 2014). Woods filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *In re Woods*, 497 Mich. 906 (2014).

Woods then filed the pending habeas petition. He raises this claim:

> The pivotal question posed is whether the court acquired subject-matter jurisdiction as required by statute. Mich. Comp. Laws § 762.1; Mich. Stat. Ann. § 28.844; Mich. Comp. Laws § 764.1a; Mich. Stat. Ann. § 28.860; and Fed. R. Crim. P. 3 and 4.

### III.  Standard

#### A.

Upon the filing of a habeas corpus petition, the court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be

dismissed.

B.

The claims raised are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that

principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (*quoting Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, —, 131 S. Ct. 770, 789 (2011), (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87 (internal quotation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams,* 529 U.S. at 412. Section 2254(d) "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so

4

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). "[W]hile the principles of "clearly established law" are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007), *citing Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. Discussion

Petitioner argues that the state court failed to obtain subject-matter jurisdiction over his criminal proceeding because the trial court failed to comply with Michigan law and the Federal Rules of Criminal Procedure 3 and 4.

"'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68. The determination whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary.

*Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). *See also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. . . . This determination of jurisdiction is binding on this [federal] court.") (internal quotation omitted).

In addition, Woods' claim that the state court violated Federal Rules of Criminal Procedure 3 and 4 is meritless. The Federal Rules of Criminal Procedure do not govern state trials. *See* Fed. R. Civ. P. 1(a)(1) ("[T]hese rules govern the procedure in all criminal proceedings in the United States district courts . . ."). *See also Kendrick v. Warden, Lebanon Correctional Inst.*, No. 3:09-cv-166, 2011 WL 6960960, *3 (S.D. Ohio 2011) ("[A] habeas claim must be based directly on the Constitution; the Federal Rules of Criminal Procedure do not set a constitutional minimum for state court practice."); *Velasquez v. Warden*, No. 2012 WL 2885003, *2 (C.D. Cal. July 13, 2012) ("[T]he Federal Rules of Criminal Procedure . . . apply only to federal criminal proceedings and not to state court criminal matters."). Thus, this claimed violation of the Federal Rules of Criminal Procedure fails to allege a constitutional violation. Habeas relief is denied.

V. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court will deny a certificate of appealability.

VI. Conclusion

For the foregoing reasons, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED and DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

    s/Paul D. Borman
    PAUL D. BORMAN
    UNITED STATES DISTRICT JUDGE

Dated: January 30, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 30, 2015.

s/Deborah Tofil
Case Manager